**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **PHL VARIABLE INSURANCE COMPANY,** | § § § | |
| **Plaintiff,** | § § | **Civil Action No. 5:20-cv-01071** |
| **v.** | § § | |
| **CHARLES H. MOORE and CHRISTOPHER CARDENAS,** | § § § § | |
| **Defendants.** | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff PHL Variable Insurance Company ("PHLVIC"), by and through its attorneys, files this Complaint against Charles H. Moore ("Moore") and Christopher Cardenas ("Cardenas," collectively "Defendants") as follows:

### I.      NATURE OF THE ACTION

1.      To issue affordable life insurance policies to appropriate insureds, PHLVIC and other insurers depend on the truth and completeness of the representations contained in the submitted applications and delivery documents.

2.      Cardenas is an independent life insurance broker.  Cardenas acted on behalf of Moore in submitting an application dated December 9, 2016 (the "Application") to PHLVIC seeking a $125,000 life insurance policy insuring the life of Deborah D. Swensen ("Swensen" or the "Insured").  The Application represented (falsely it turns out) that Moore was Swensen's spouse and purported to be signed by Swensen as the proposed insured and by Moore as the proposed policy owner.

3.      The Application contained numerous material misrepresentations and false statements.  Most notably, the representation that the statements contained in the Application were

those of the Insured was false because Swensen was not present at the time of the Application and her signature on the Application was a forgery.  It is indisputable that Swensen did not complete the Application because at the time it was purportedly signed by her, she was hospitalized in relation to a surgical procedure earlier that day.  PHLVIC would not have issued a policy in response to the Application had PHLVIC known Swensen was hospitalized, not present at the time of the Application, and did not personally provide the answers to health and medical questions set forth on the Application.

4.      In addition to being hospitalized at the time of the Application, the Insured had significant medical conditions and health history that were not disclosed in response to clear and direct questions on the Application.

5.      As a result of the material misrepresentations in the Application, PHLVIC issued Policy Number T7548513 ("Policy") with a $125,000 face amount, designating Moore as policy owner and Swensen as the insured.

6.      PHLVIC would not have issued the Policy, but for the material and/or intentional misrepresentations contained in the Application.

7.      Within the Policy's two-year contestability period, Swensen died and Moore submitted a claim for the Policy's death benefits.  PHLVIC promptly investigated Moore's claim, determined that the Application contained material misrepresentations, denied Moore's claim for benefits, and acted to rescind the Policy by tendering to Moore a return of the premiums paid on the Policy.  Moore has challenged PHLVIC's denial of his claim.

8.      PHLVIC therefore seeks a declaration that the Policy was properly rescinded, is null, void, and unenforceable, and that no benefits are due to Moore under the Policy. Alternatively, PHLVIC seeks indemnification from Cardenas for any liability arising from his

misconduct in his role as the independent insurance broker who procured the Policy on Moore's behalf.

## II.     PARTIES

9.      PHLVIC is a Connecticut insurance company authorized to transact the business of insurance in Texas.  PHLVIC is organized under the laws of Connecticut, and its principal place of business is located in Hartford, Connecticut.  PHLVIC's headquarters are located at One American Row, Hartford, Connecticut 06102-5056.  PHLVIC's high level officers direct, control, and coordinate the corporation's activities from Hartford, Connecticut.  As such, PHLVIC is a citizen of Connecticut within the meaning and intent of 28 U.S.C. § 1332.

10.     Upon information and belief, Charles Moore is a citizen of Texas and is domiciled in Atascosa County.  He may be served with process at 25634 Pleasanton Rd., San Antonio, Texas 78264, or wherever else he may be found.

11.     Upon information and belief, Christopher Cardenas is a citizen of Texas and is domiciled in Bexar County.  He may be served with process at 2018 Springvale Dr., San Antonio, Texas 78227, or wherever else he may be found.

## III.     JURISDICTION AND VENUE

12.     This Court has jurisdiction over all parties of this lawsuit under 28 U.S.C. §1332(a)(1) because PHLVIC and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest, and costs.

13.     PHLVIC is a corporation organized under the laws of Connecticut and has its principal place of business in Connecticut.  As such, for diversity purposes, PHLVIC is a citizen of the State of Connecticut.

14.     Upon information and belief, Moore is a citizen of the State of Texas whose permanent residence is located in Atascosa County, Texas.  As such, for jurisdiction and diversity purposes, Moore is a citizen of the State of Texas.

15.     Upon information and belief, Cardenas is a citizen of the State of Texas whose permanent residence is located in Bexar County, Texas.  As such, for jurisdiction and diversity purposes, Cardenas is a citizen of the State of Texas.

16.     As PHLVIC and Defendants are citizens of different states, a diversity of citizenship exists.

17.     This Court has jurisdiction over this declaratory judgment action pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such declaration, whether or not further relief is or could be sought."

18.     Venue is proper pursuant to 28 U.S.C. §1391 as Defendants are domiciled in this judicial district, and the insurance policy at issue is governed by Texas law.  In addition, all or a portion of the events giving rise to the causes asserted herein occurred in the State of Texas.

## IV.     <u>FACTUAL BACKGROUND</u>

19.     PHLVIC is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the State of Texas.

20.     Cardenas is an independent life insurance broker.  As such, he acts on behalf of his clients to procure insurance and is authorized to submit applications to numerous insurance carriers.  Cardenas is neither an employee of nor a career/captive agent for PHLVIC.

21.     Moore contacted Cardenas about applying for life insurance.  On or about December 9, 2016, Cardenas went to Moore's residence and assisted him in completing and submitting the electronic life insurance Application to PHLVIC seeking the issuance of an insurance policy on Swensen's life.

22.     The Application set forth a series of questions seeking material information regarding, among other things, Swensen's health and medical history.

23.     In completing the Application, Defendants knew they were required to provide complete, accurate, and honest answers to the questions presented on the Application.  Defendants also knew that PHLVIC would rely upon the answers recorded on the Application in determining whether the Insured was insurable and qualified for the insurance sought through the Application.

24.     In completing Parts 1 and 2 of the Application, Moore responded to clear, direct questions seeking material information regarding the Swensen's history of treatment, testing, consultations, hospitalizations, and diagnosis of medical illnesses or diseases. The answers provided to certain of these questions were false and/or materially incomplete and were material to PHLVIC's acceptance of the risk[1]

25.     The Application listed Moore's relationship to the Insured as "spouse," and designated Moore as the sole owner and primary beneficiary of the applied for policy.

26.     Part 1 of the Application contained the following affirmation:

> As the Proposed Insured and/or Owner, if other than the Proposed Insured, ("I"), understand that the Application for life insurance consists of two parts, a Part 1 and Part 2.  All statements made in the Application are full, complete and true to the best of my knowledge and belief.  I understand that

---

[1] Pursuant to federal and Texas State privacy laws, PHLVIC is not in a position to further elaborate on the exact nature of the material misrepresentations Moore made to PHLVIC. If required at some later time, PHLVIC will file relevant materials under seal with the Court or will otherwise propose filing arrangements that are protective of the applicable privacy laws and considerations.

[PHLVIC] will rely upon the information provided in the Application and that the statements and answers made therein are the basis for any policy issued by [PHLVIC].

I understand that 1) no statements made to or information acquired by any Licensed Producer who takes this Application shall bind [PHLVIC] unless stated in this Application, and 2) no Licensed Producer has authority to make, modify, alter or discharge any contract hereby applied for, and 3) if there is any change in health or personal history that would alter the answers to any of the questions in the Application between now and when the policy is delivered, I will inform [PHLVIC] in writing as soon as possible at PO Box 8027, Boston, MA 02266-8027.

I understand and agree that the insurance applied for shall not take effect unless each of the following has occurred: 1) the policy has been issued by [PHLVIC]; 2) the premium required for issuance of the policy has been paid in full; 3) the Insured is alive when the premium is paid and when the policy is delivered; 4) all representations made in the Application remain full, complete and true as of the date the policy is delivered; 5) a policy is issued on this application and delivered to and accepted by the owner; and 6) any required forms or amendments to the Application are signed and returned to [PHLVIC]

* * *

Part 1 of the Application represented that it was signed by Swensen, as the proposed insured, and Moore, as the policy owner, on December 9, 2016.

27.     Part 1 of the Application also contained the following Producer Certification:

I certify that I have personally met with the Proposed Insured and reviewed the identification documents.  To the best of my knowledge, it accurately reflects the identity of the Proposed Insured.

I certify that the information provided by the Proposed Insured is accurately recorded on the application and I am not aware of any discrepancies or misrepresentations in the recorded information.  I am qualified and authorized to discuss the contract herein applied for.

* * *

Cardenas executed Part 1 of the Application, attesting to these certifications, on December 9, 2016.

28.     Part 2 of the Application contained the following affirmation: "I, the Proposed Insured, attest that all answers and statements provided are full, complete and true as of this date." Debora Swensen purportedly executed Part 2 of the Application on December 9, 2016.

29.     Part 2 of the Application also contained the following affirmation by the producer: "I certify that the information provided by the Proposed Insured is accurately recorded on the application and I am not aware of any discrepancies or misrepresentations in the recorded information.  I am qualified and authorized to discuss the contract herein applied for."  Cardenas executed Part 2 of the Application on December 9, 2016.

30.     On the basis of the statements and representations contained on the Application and in reliance upon Moore's and Cardenas' complete candor, honesty, and openness in disclosing information in response to the questions presented on the Application, PHLVIC issued the Policy, with a policy date of December 19, 2016.  The Policy's death benefit is $125,000.

31.     On information and belief, Swensen passed away on August 21, 2017.  On or about September 21, 2017, Moore submitted a claim to PHLVIC seeking the Policy's death benefits. Since the Insured's death occurred within the Policy's two-year contestability period, PHLVIC commenced in a routine claim investigation into the representations contained on the Application.

32.     In investigating this claim, PHLVIC discovered information calling into question the veracity of certain representations contained on the Application.  Upon information and belief, the Insured was admitted to a local hospital for  surgery on December 9, 2016 and was not present at Moore's residence when he and Cardenas completed the Application.  Accordingly, the representations that the Insured personally met with Cardenas, provided the information contained on the Application, reviewed the Application to ensure the information contained therein was full, complete and accurate, and that she personally reviewed and signed the Application were false.

33.     Additionally, PHLVIC's investigation found no evidence that Moore was married to the Insured or had any sustentative relationship based in love, affection, or economic dependence that would grant Moore with an insurable interest in the Insured's life.  PHLVIC has also found no evidence that the Insured ever consented to Moore taking out a policy of life insurance on her life.

34.     Moreover, PHLVIC's investigation confirmed that certain representations contained on the Application were materially false.  Moore and Cardenas made misrepresentations of fact, failed to disclose facts, omitted facts, and/or otherwise failed to accurately, honestly, and/or truthfully answer and disclose material information in response to the questions presented on the Application regarding the Insured's health and medical history.

35.     PHLVIC relied on these representations in assessing the risk and/or hazard to be assumed, it did not know that these representations were false, and the representations were material to PHLVIC's decision to issue the Policy.  Had PHLVIC known the truth of the facts misrepresented, it would not have issued the Policy.

36.     On February 26, 2018, PHLVIC sent a letter to Moore informing him that the company had discovered material misrepresentations on the Application and was exercising its rights to terminate the Policy.  Enclosed with the letter was a check for $1,178.00, which represented a full refund of the premiums paid on the Policy.  Both the letter and check were sent by U.S. Mail to Moore.  The letter was not returned, and the check has not been negotiated as of the date of this complaint.

37.     PHLVIC now brings this action seeking a declaratory judgment confirming that Moore made intentional and/or material misrepresentations in applying for the Policy, that

PHLVIC relied upon these misrepresentations to its detriment and, as such, the Policy is rescinded, void and unenforceable.

## V.     CAUSES OF ACTION

### COUNT I – DECLARATORY JUDGMENT
### POLICY RESCISSION DUE TO MATERIAL MISREPRESENTATION

38.     PHLVIC incorporates herein each of its allegations contained in paragraphs 1 – 37 above.

39.     Pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. §§ 2201 and 2202, PHLVIC seeks a declaratory judgment that the Policy is null, void and rescinded *ab initio* due to the fraudulent, willfully false and/or material misrepresentations and omissions made on the Application, that PHLVIC properly denied the claim for benefits under the Policy, and that no benefits are due or payable under the Policy.

40.     In underwriting and issuing the Policy, PHLVIC reasonably relied on representations on the Application regarding the Insured's health and medical history.  PHLVIC did not know that those representations were false.

41.     Moore acted with an intent to deceive PHLVIC and knew or reasonably should have known that PHLVIC would rely upon the representations contained in the Application.

42.     The misrepresentations, omissions, concealment of facts, and incorrect statements on the Application were material either to the acceptance of the risk or to the hazard assumed by PHLVIC.  If PHLVIC had known the truth of the facts misrepresented, PHLVIC would not have issued the Policy.

43.     The Policy is contestable in that it was not in force for two years during the lifetime of the Insured.

44.     PHLVIC has no adequate remedy at law and PHLVIC has satisfied all conditions precedent to bring this claim or such conditions are waived.

45.     Prior to commencing this action, PHLVIC tendered a check to Moore representing a full refund of the Policy premiums.  To date, the premium refund check has not been cashed. Notwithstanding this, PHLVIC stands ready, willing, and able to refund or otherwise make payment of all of the premiums paid on the Policy as directed by the Court in accordance with PHLVIC's demand for rescission of the Policy and restitution of the parties to their pre-contract positions insofar as it is possible and equitable.

46.     Accordingly, PHLVIC is entitled to a declaration that the Policy null, void, rescinded *ab initio*, unenforceable, and that no benefits are due or payable under the Policy because of the material misrepresentations in the Application for the Policy.

## COUNT II – DECLARATORY JUDGMENT
## POLICY RESCISSION DUE TO LACK OF INSURABLE INTEREST
## AND / OR LACK OF CONSENT BY THE INSURED

47.     PHLVIC incorporates herein each of its allegations contained in paragraphs 1 –46 above.

48.     Pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. §§ 2201 and 2202, PHLVIC seeks a declaratory judgment that the Policy is null, void and rescinded *ab initio* due to the lack of an insurable interest and/or lack of consent by the insured.  The Policy was purchased with the intent of benefiting Moore, who neither possessed a valid insurable interest in the Insured's life at the time of the Policy's issuance nor obtained the Insured's consent to purchase insurance on her life.  The Policy's issuance violates the letter and spirit of Texas' insurable interest laws and is inconsistent with the state's public policy prohibiting wagering on the lives of others. Moore's misrepresentations that he was the Insured's spouse and that the Insured completed and

signed the Application was intended to deceive PHLVIC into believing that Moore had a valid

insurable interest and that the Insured consented to the Policy being issued on her life.   The Policy

is, therefore, void *ab initio* and is of no force and effect from its inception.

49.     PHLVIC has no adequate remedy at law and PHLVIC has satisfied all conditions

precedent to bring this claim or such conditions are waived.

50.     Prior to commencing this action, PHLVIC tendered a check to Moore representing

a full refund of the Policy premiums.   To date, the premium refund check has not been cashed.

Notwithstanding this, PHLVIC stands ready, willing, and able to refund or otherwise make

payment of all of the premiums paid on the Policy as directed by the Court in accordance with

PHLVIC's demand for rescission on the Policy and restitution of the parties to their pre-contract

positions insofar as it is possible and equitable.

51.     Accordingly, PHLVIC is entitled to a declaration that the Policy null, void,

rescinded *ab initio*, unenforceable, and that no benefits are due or payable under the Policy because

Moore had neither an insurable interest in the Insured's life at the time of the Policy issuance nor

did the Insured consent to the issuance of the Policy.

### COUNT III – DECLARATORY JUDGMENT
### CARDENAS IS MOORE'S AGENT, NOT PHLVIC'S AGENT

52.     PHLVIC incorporates herein each of its allegations contained in paragraphs 1 –51

above.

53.     Pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. §§ 2201 and 2202,

PHLVIC seeks a declaratory judgment that Cardenas was acting as Moore's agent in procuring the

Policy from PHLVIC.   As an independent insurance broker, Cardenas is free to submit life

insurance applications to competing insurance companies in order to secure the best possible terms

for his client, the applicant.   Cardenas is neither an employee nor a career/captive agent of

PHLVIC. PHLVIC has no right to control how Cardenas conducts his day-to-day affairs or which insurance carriers' products he markets to his clients. Accordingly, at all times material hereto, Cardenas acted on behalf of and for the benefit of Moore (and for Cardenas' own benefit) in applying for the Policy, and not as an agent of PHLVIC.

54.     Alternatively, to the extent that Moore disclosed any information to Cardenas that was not supplied to PHLVIC, Cardenas acted outside the scope of any purported agency relationship that may have existed between Cardenas and PHLVIC by knowingly supplying false information to PHLVIC. Specifically, to the extent Cardenas knew the Application contained false information, he acted in collusion with Moore to induce PHLVIC to issue the Policy by, among other things: (i) submitting the Application to PHLVIC, which Defendants knew contained material misrepresentations regarding the Insured's health and medical history; (ii) making false representations to PHLVIC that Cardenas personally met with the Insured and that the information contained on the Application was provided by the Insured; (iii) making false representations to PHLVIC that the Insured personally reviewed and signed the Application prior to its submission to PHLVIC; (iv) concealing from PHLVIC that the Insured was in the hospital at the time the Defendants completed and submitted Application; and (v) falsely representing that Moore was married to the Insured on the Application to conceal the absence of an insurable interest in connection with the Policy. Each of these misrepresentations and/or omissions was material to PHLVIC's decision to issue the Policy and PHLVIC justifiably relied on these misrepresentations in issuing the Policy.

55.     Defendants knowingly and purposefully concealed the lack of any insurable interest in the Policy and knowingly and purposefully placed false information on the Application to

induce PHLVIC to issue the Policy.  Defendants acted in furtherance of this common plan in order to benefit themselves and profit from the scheme at PHLVIC's expense.

56.     Accordingly, because Cardenas an independent broker who acted in concert with Moore to supply false information on the Application to induce PHLVIC to issue the Policy, PHLVIC seeks a declaration that Cardenas was acting solely as Moore's agent in procuring the Policy.

## COUNT IV – INDEMNIFICATION
## (IN THE ALTERNATIVE)

57.     PHLVIC incorporates herein each of its allegations contained in paragraphs 1 –56 above.

58.     Alternatively, in the event that Cardenas is determined to be an agent of PHLVIC, Cardenas is obligated to indemnify PHLVIC from any claims, damages, or liability that it may incur as a result of Cardenas' misconduct.

59.     Cardenas owed PHLVIC a duty of care when soliciting applications for life insurance to reasonably ensure that any application submitted to PHLVIC was completed truthfully and completely, and that no material information was omitted.

60.     Cardenas failed to exercise reasonable care and breached his duty to PHLVIC by submitting the Application, which contained false or materially misleading information concerning the Insured.

61.     As a direct and proximate result of the foregoing, PHLVIC issued the Policy that it now seeks to rescind.

62.     PHLVIC will suffer harm as a result of Cardenas' unauthorized and negligent conduct if he is found to be acting as an agent of PHLVIC in soliciting the Application for the Policy.

63.     Accordingly, PHLVIC is entitled to indemnification from Cardenas for the amount of any liability PHLVIC may incur as a result of the issuance of the Policy because of Cardenas' alleged misconduct is the sole basis for PHLVIC's liability.

## VI.     **PRAYER**

WHEREFORE, due to the above-referenced fraudulent, willfully false, and/or material misrepresentations, and due to lack of insurable interest and/or consent of the Insured, PHL Variable Insurance Company demands judgment against Charles Moore and Christopher Cardenas as follows:

(a)     an order declaring and adjudging the Policy of life insurance bearing Policy Number T7548513 to be null and void and rescinded, *ab initio*; declaring that PHLVIC has no continuing obligations under the Policy; and declaring that no benefits are due or payable under the Policy;

(b)     an order directing PHLVIC to deposit with the Clerk of the Court all premiums paid on the Policy along with required interest, if any;

(c)     an order declaring that Cardenas acted solely as Moore's agent in applying for the Policy or, in the alternative, an order declaring that Cardenas must indemnify PHLVIC for any liability incurred by PHLVIC as a result of the Policy's issuance and awarding PHLVIC money damages in connection therewith; and

(d)     an order awarding such other relief as the Court deems equitable and just to PHLVIC, including, but not limited to, costs of suit incurred by PHLVIC in the filing and prosecuting of this action.

Dated: September 10, 2020                    Respectfully submitted.

                                             MCDOWELL HETHERINGTON LLP


                                             By: _____/s/ Jarrett E. Ganer_____
                                                  Jarrett E. Ganer
                                                  Texas Bar No. 24055520
                                                  Steven M. Correa
                                                  Texas Bar No. 24069536

                                              1001 Fannin Street, Suite 2700
                                              Houston, Texas 77002
                                              Telephone: (713) 337-5580
                                              Facsimile:  (713) 337-8850
                                              E-mail: jarrett.ganer@mhllp.com
                                              E-mail: steven.correa@mhllp.com

                                             *Counsel for Plaintiff*
                                             *PHL Variable Insurance Company*